The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
Based upon the record of the proceedings, he Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff testified that Sgt. Timothy Deloatch was in charge of the inmate work crew that was assigned to work the fields of Odom Prison Farm on March 13, 2000. Sgt. Deloatch did not go into the field but stayed at Odom and was in contact with DOC employees directly supervising inmates in the field.
2. March 13, 2000 was the first day that plaintiff had been assigned to the farm field unit. Within minutes of going into the field around 8:30 a.m., plaintiff complained to the field supervisor, CO Fleetwood, that his leg was swollen and he wanted to declare a medical emergency which would entail a special trip by DOC officers to the field to take plaintiff to the Odom medical unit. CO Fleetwood contacted Sgt. Deloatch by radio. Sgt. Deloatch refused to declare a medical emergency and directed that plaintiff await the return to Odom for the lunch break that would occur shortly before noon. Plaintiff awaited the lunch break that morning and was able to pick some day lilies while waiting to return to Odom at lunch.
3. Plaintiff returned to his housing unit at Odom during the lunch hour on March 13, and did not return to work that afternoon. On March 14, 2000, plaintiff returned to the farm work unit and again declared a medical emergency based upon a swollen leg. Because swelling could be seen on that date Sgt. Deloatch was contacted and he allowed the declaration of a medical emergency.
4. Plaintiff, by his own admission, has no evidence or testimony from a medical expert showing a duty owed and breached in the context of the claimed medical injuries. Therefore, no such evidence was presented. Furthermore, no medical evidence was presented showing any damages caused by plaintiff waiting until the lunch hour on March 13, 2000 to return from the fields.
5. Plaintiff presented no evidence to support other allegations including alleged negligent employees as contended in his affidavit.
6. Sgt. Deloatch indicated that it was entirely within his discretion whether to declare a medical emergency for inmates working in the fields. Sgt. Deloatch did not declare an emergency on March 13, 2000, because plaintiff's complaints of alleged discomfort were insufficient and because CO Fleetwood did not indicate that he saw swelling of plaintiff's leg. The next day, March 14, 2000, when CO Fleetwood noted swelling, an emergency was declared. Sgt. Deloatch indicated that allowing inmates to determine what constitutes a medical emergency would cause extreme difficulties with inmate work units. The determination of a medical emergency is best made by DOC officers.
 ***********
Based upon the findings of fact, the Full Commission concludes as a matter of law the following:
 CONCLUSIONS OF LAW
1. A plaintiff may not recover in a medical malpractice claim where he cannot show the standard of care owed and that the care received did not meet that standard. G.S. § 90-21-12. Expert testimony is generally necessary to establish the standard of care. Warren v. CanalIndustries, Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983). Only where the medical care issue does not involve special skills is such expert testimony unnecessary. In the instant claim, expert medical testimony is necessary for plaintiff to prevail as to any claim of breach of the standard of care as well as to medical damages suffered.
2. Plaintiff has not shown evidence of any objective medical damages resulting from waiting until lunch on March 13, 2000 with regard to his alleged swollen leg condition.
3. The actions of Sgt. Deloatch in not declaring a medical emergency on March 13, 2000 were reasonable and proper based upon the facts provided to him that a swollen leg was alleged by plaintiff but that the officer on the scene did not indicate that swelling was present. Plaintiff presented no evidence, other than his personal opinion, that this action was negligent. When the field officer confirmed swelling of plaintiff's leg the next day, March 14, 2000, Sgt. Deloatch did declare a medical emergency. The actions of Sgt. Deloatch on March 13 and 14, 2000 were reasonable and not negligent.
4. Plaintiff, having presented no evidence as to any other allegations contained in his affidavit, is not entitled to judgment as to those persons and incidents. No negligence is found as to any other named persons or actions cited in plaintiff's affidavit.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of December 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER